IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SUSAN W. BICKMORE

Plaintiff,

vs.

OWNERS INSURANCE COMPANY, an Ohio corporation,

Defendant.
_____

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**
_____

TO:     PLAINTIFF AND ITS ATTORNEYS OF RECORD:
        Barry I. Dunn, Esq.
        Patricia A. Meester, Esq.
        Franklin D. Azar & Associates, P.C.
        14426 E. Evans Avenue
        Aurora, CO 80014

TO:     THE HONORABLE CHRISTOPHER C. CROSS
        DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO, DIVISION 407
        100 Jefferson County Parkway
        Golden, Colorado 80401

PLEASE TAKE NOTICE that the Defendant herein, Owners Insurance Company,

("Owners"), by and through its attorneys, Karen H. Wheeler, and Charles C. Hall of Levy •

Wheeler • Waters, Professional Corporation, hereby file this Notice of Removal to the United

States District Court for the District of Colorado of the action brought by Plaintiff Susan

Bickmore against Owners in Arapahoe District Court, State of Colorado, case number

2014CV032561, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds therefor Defendant

1

states as follows:

1.      On September 24, 2014, Defendant was served with a copy of the Summons, Complaint, and Civil Case Cover Sheet in case number 2014CV032561, in the District Court of Arapahoe County, State of Colorado, filed by Plaintiff, Susan Bickmore on or about September 22, 2014. *See* **Exhibit A,**  Summons; **Exhibit B,** District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint Counter-Claim or Third-Party Complaint; **Exhibit C,** Complaint and Jury Demand; and **Exhibit E,** Return of Service, Owners Insurance Company 9-24-2014.

2.      On October 2, 2014, Defendant was served with a copy of the Summons, Complaint, and Amended Civil Case Cover Sheet in case number 2014CV032561, in the District Court of Arapahoe County, State of Colorado, filed by Plaintiff, Susan Bickmore, on or about October 1, 2014. *See* **Exhibit F,** Amended District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint Counter-Claim or Third-Party Complaint.

3.      Thirty days have not yet expired since the said date the Complaint was first received by Defendant.  Defendants' notice of removal is therefore timely pursuant to 28 U.S.C. §1441, *et seq*.

4.      Any civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      This action is removable because the United States District Court for the District of Colorado has original diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

6.      As discussed below, the parties are citizens of different states and the amount in

controversy exceeds $75,000.

7.     Ms. Bickmore is a citizen of Colorado. *See* **Exhibit A** at 1, ¶ 1.

8.     "For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

9.     Owners is an Ohio corporation and its principal place of business is in Lima, Ohio. *See* Articles of Incorporation of Owners (and Related Documents), a copy of which is attached hereto as **Exhibit N**.

10.     A corporation is "deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

11.     Because Ms. Bickmore is a citizen of Colorado and Owners is a citizen of Ohio, the parties are citizens of different states pursuant to 28 U.S.C. § 1332(c)(1).

12.     The amount in controversy exceeds $75,000, exclusive of interest and costs, as reflected by Ms. Bickmore's filings and other information. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

13.     "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

14.     On January 9, 2014, counsel for Ms. Bickmore, wrote a letter to Owners that states, in pertinent part, "[y]our offer of $125,000 is continuing to be rejected as below the value of this claim." *See* **Exhibit N,** Letter from Barry I. Dunn to Chad Kimball, dated January 9, 2014.

15.     Accordingly, Plaintiff is clearly estimating the value of her claim to be in excess of

the jurisdictional threshold of $75,000.

16.     Plaintiff asserts the following claims in her Complaint: breach of contract, a statutory claim pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith.  **Exhibit A.**

17.     Plaintiff alleges entitlement to damages for "pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the uninsured motorist coverage of the policy."  **Exhibit A** at 2, ¶ 13.

18.     In Plaintiff's Second Claim for Relief, the statutory claim pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff also alleges entitlement to "two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs."  **Exhibit A** at 3, ¶ 17.

19.     The policy at issue is Policy # 46-240-829-00, which has limits of liability coverage for bodily injury of $500,000/person and $500,000/occurrence.   A true and correct copy of the Declarations Pages for Policy # 46-240-829-00, with premium amounts redacted is attached hereto as **Exhibit M.**

20.     In addition, Ms. Bickmore has represented, through her counsel, that she is seeking a "monetary judgment over $100,000[,]" exclusive of interest and costs. *See* **Exhibit B** at 2, ¶ 3; *and see* **Exhibit F** at 2, ¶ 3

21.     While a civil cover sheet, standing alone, may not be dispositive on the issue of amount in controversy (at least under 28 U.S.C. § 1446 as it existed prior to the amendments to the statute that became effective in early 2012), it may be considered. *See Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1214-15 (D.Colo. 2007); *see also Fleming v. USAA Casualty Ins. Co.*, 2012 WL 652776 at *2 (D.Colo. February 29, 2012)(unpublished).[1]

---

[1]  The holding in *Baker* was premised, in part, on the following finding: "Because [a civil cover sheet] is not a pleading, it is not subject to the requirement that the signer investigate the factual or legal allegations prior to

4

22.     Because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, the district court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

23.     This action is pending in Arapahoe County District Court, State of Colorado, which is embraced by the United States District Court for the District of Colorado. *See* **Exhibit A**; *see also* Fed. R. Evid. 201(b)(1)-(2).

24.     Accordingly, this action is removable from Arapahoe County District Court to this Court pursuant to 28 U.S.C. § 1441(a).

25.     Pursuant to 28 U.S.C. §§ 1441 and 1446, Owners hereby gives notice of removal of the action pending against it in Arapahoe County District Court, Colorado, case number 2014CV032561, to the United States District Court for the District of Colorado.

26.     Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings served in this action are attached to this Notice of Removal as **Exhibits A-L**, and include:

    A.    Summons;

    B.    District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint, Counter-Claim or Third-Party Complaint;

    C.    Complaint and Jury Demand;

    D.    Delay Reduction Order and Order Regarding Plan for Settlement;

    E.    Return of Service, Owners Insurance Company 9-24-2014;

    F.    Amended District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint, Counter-Claim or Third-Party Complaint;

    G.    Return of Service (Amended CAPP Civil Case Cover Sheet) Owners Insurance Company Randolph Wilson representative 10-2-2014;

    H.    Letter to Adjuster Re Notice of Initial Disclosures;

    I.    Plaintiff's Colorado Civil Access Pilot Project Rule 3.1 Disclosure;

---

assertion." *Baker*, 557 F.Supp.2d at1214-15. Under C.R.C.P. 7, "[t]he rules applicable to captions, signing and other matters of form of pleadings apply to all motions and other papers provided for by these rules." C.R.C.P. 7(b)(2). A division of the Colorado Court of Appeals considered C.R.C.P. 7(b)(2) in evaluating whether C.R.C.P. 11 applied to a response and found as follows: "…an attorney or litigant who signs a motion or other paper has the same obligation as the signer of a pleading to ensure that the document is factually and legally justified." *Jensen v. Matthews-Price*, 845 P.2d 542, 543-44 (Colo.App. 1992), *citing* 5 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 1991 & 1332 (1969).

J.      Letter to Adjuster Re Notice of Amended Disclosures;
K.      Plaintiff's Colorado Civil Access Pilot Project Rule 3.1 Disclosure; and
L.      Entry of Appearance.

WHEREFORE, Defendant, Owners Insurance Company, respectfully requests by this Notice, that case number 2014CV032561 pending in the District Court of Arapahoe County, State of Colorado, be removed to the United States District Court for the District of Colorado.

DATED this 24th day of October, 2014.

Respectfully submitted,


s/  *Charles C. Hall*
Karen H. Wheeler
Charles C. Hall

LEVY•WHEELER•WATERS, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Greenwood Village, Colorado 80111
Telephone:     (303) 796-2900
Facsimile:     (303) 796-2081
kwheeler@lwwlaw.com
chall@lwwlaw.com

**Owners's Address:**
2325 N. Cole Street
Lima, Ohio 45801

IN THE UNITED STATES DISTRICT COURT

6

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SUSAN W. BICKMORE

Plaintiff,

vs.

OWNERS INSURANCE COMPANY, an Ohio corporation,

Defendant.

_____

**CERTIFICATE OF SERVICE**

_____

I hereby certify that on this 24th day of October, 2014, a true and correct copy of the fore-going **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** was served electronically through CM-ECF on the following:

Plaintiff and her attorneys of record:
Barry I. Dunn, Esq.
Patricia A. Meester, Esq.
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO 80014

_s/     *Charles C. Hall*          _____
           Charles C. Hall